944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles R. HOPSON, Petitioner-Appellee,
v.
David MILLS, Warden, Respondent-Appellant.
 No. 91-5095.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 David Mills appeals the district court's order granting the petition for a writ of habeas corpus filed by Charles R. Hopson, a Tennessee prisoner, under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1985, Hopson entered Alford pleas to informations charging him with two counts of statutory rape and two counts of sexual battery. An Alford plea is neither an admission nor a denial of guilt; it merely acknowledges that there is sufficient evidence to establish that the defendant committed the crime. See North Carolina v. Alford, 400 U.S. 25 (1970). Nonetheless, the trial court elicited from Hopson an admission of guilt. Hopson was sentenced on August 5, 1985 to consecutive terms of 3, 3, 2, and 2 years imprisonment. His motion for reduction of sentence was denied on April 7, 1986 and his conviction was affirmed on direct appeal.
 
 
 4
 Hopson subsequently filed a petition for post-conviction relief in which he raised three issues: (1) his pleas of nolo contendere were not voluntarily, understandingly, nor intelligently made; (2) he received ineffective assistance of counsel; and (3) there was no factual basis for the court to accept the nolo contendere pleas. The trial court denied this petition on October 1, 1987 following an evidentiary hearing. On December 21, 1988, the Tennessee Court of Criminal Appeals denied relief on the ground of, inter alia, ineffective assistance of counsel. The Tennessee Supreme Court denied leave to appeal on April 3, 1989.
 
 
 5
 In his federal habeas petition, Hopson presented ineffective assistance of counsel as his sole ground for relief. He claimed that his trial counsel failed to conduct an adequate investigation and misinformed him concerning the nature and consequences of an Alford plea. In an amended petition, Hopson challenged the adequacy of the state court's post-conviction proceeding and requested an evidentiary hearing. Following a hearing on this issue, the district court concluded that Hopson did not receive a full, fair, and adequate hearing in the state court and so a new evidentiary hearing was held before the district court on October 26, 1990. After considering the evidence, including the testimony presented in this hearing, the district court concluded that Hopson was denied his right to effective assistance of counsel prior to and during the entry of his Alford pleas. The district court granted the writ in a memorandum and order filed December 21, 1990.
 
 
 6
 On appeal, the respondent argues that the district court erred in determining that the petitioner did not receive a full, fair, and adequate hearing in the state court and, therefore, in not according the state court's findings a presumption of correctness.
 
 
 7
 Upon review, we affirm the district court's order because Hopson has shown that he did not receive fundamentally fair process due to ineffective assistance of counsel. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 8
 An evidentiary hearing is mandatory in a federal habeas proceeding when one of the eight circumstances listed in 28 U.S.C. § 2254(d) is found to be present. When none of these mandatory circumstances exists, the decision to hold an evidentiary hearing is within the discretion of the district court. See Townsend v. Sain, 372 U.S. 293, 318-19 (1963). Even if no hearing was mandated by § 2254(d), the record shows that the district court did not abuse its discretion in holding an evidentiary hearing in this case. See Brofford v. Marshall, 751 F.2d 845, 853 (6th Cir.), cert. denied, 474 U.S. 872 (1985).
 
 
 9
 Nonetheless, the district court found that Hopson did not receive a full, fair and adquate hearing in his state post-conviction hearing because "serious questions involving the facts and evidence at issue in this case ... were not fully resolved in the state courts." Although the court did not further explain this finding, a review of the transcript of Hopson's state post-conviction hearing supports the district court's conclusion.
 
 
 10
 A state court's finding of effective assistance of counsel is a mixed question of law and fact which is not entitled to a presumption of correctness. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988). It is only the basic, primary, or historical facts that are entitled to the presumption. See Smith v. Jago, 888 F.2d 399, 407 (6th Cir.1989), cert. denied, 110 S.Ct. 2572 (1990).
 
 
 11
 The transcript of Hopson's state post-conviction hearing shows that the primary facts which the district court considered necessary to decide this case and on which it relied to conclude that Hopson did not receive effective assistance of counsel were not decided by the state court. Consequently, the district court correctly found that a new evidentiary hearing was warranted and, in any event, did not abuse its discretion in holding one. Further, the district court did not improperly fail to grant a presumption of correctness to the state court's findings because that court did not make primary findings and its ultimate finding of effective assistance of counsel is not entitled to the presumption of correctness. The findings of fact made by the district court, including findings that trial counsel failed in their duty to conduct an independent investigation into the facts of this case and that counsel misinformed Hopson concerning the nature and consequences of an Alford plea, are set forth on pages 6-10 of the district court's memorandum. They are not challenged by the respondent on appeal. Nor does the respondent challenge the district court's conclusion of law, based upon these factual findings, that Hopson received ineffective assistance of counsel before and during his plea proceeding.
 
 
 12
 Accordingly, the district court's memorandum and order granting the petition for a writ of habeas corpus, entered December 21, 1990, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation